EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

LAWRENCE L. TONG
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.,
Honolulu, Hawaii  96850
Telephone: (808) 541-2850

Attorney for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 10 2002

at __ o'clock and __ min. __ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 01-00228 HG |
| Plaintiff, ) | SUPERSEDING INDICTMENT |
| vs. ) | 18 U.S.C. §§ 371, 1343, 1341, 1957, 3147 and 981; 28 U.S.C. § 2461 |
| MICHAEL A. TAIN   (01), ) RYAN A. HOLT   (02), ) CARLENE P. VARES   (03), ) Defendants. ) | |

SUPERSEDING INDICTMENT

COUNTS 1-4

[Wire Fraud]

The Grand Jury charges:

At all times material to this Indictment:

Introduction

1. "F.H." are the initials of a person who resided on the Islands of Hawaii and Maui, in the State of Hawaii.

2.  MICHAEL A. TAIN was a resident of the State of California, and at various times held himself out as the president of "BayCity Finance Limited" of London, United Kingdom, or the president and chief executive officer of "Swiss International Banc E.F." of Stockholm, Sweden.

3.  RYAN A. HOLT was a resident of the State of Michigan, and at times held himself out as the president and chief executive officer of "Gateway International Group, LLC."

4.  CARLENE P. VARES was a resident of Honolulu, Hawaii.

5.  In or about April 1995, F.H. made a $300,000 investment through persons other than TAIN and HOLT. F.H. did not obtain the full return on investment which had been promised. TAIN, HOLT and VARES learned of F.H.'s situation, and thereafter engaged in the scheme and artifice to defraud as outlined below.

### The Scheme and Artifice to Defraud

6.  From a precise earlier date unknown to the grand jury, but by June 1998, and continuing through on or about July 2, 1998, in the District of Hawaii and elsewhere, MICHAEL A. TAIN, RYAN A. HOLT and CARLENE P. VARES knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money from a person whose initials are F.H., by means of materially false and fraudulent pretenses and representations and promises, as well as omissions of material facts, well knowing at the time that such pretenses, representations, promises and omissions would be and were false when made. Such false

statements, representations, promises and omissions included the following:

  A. MICHAEL A. TAIN, RYAN A. HOLT and CARLENE P. VARES promised to help F.H. obtain a return of her $300,000 investment which had gone bad. TAIN, HOLT and VARES falsely represented that there was substantial money in a foreign county which was available only upon the payment of bank fees. TAIN, HOLT and VARES falsely promised F.H. that, if she obtained a mortgage on her property and gave the proceeds to them, TAIN, HOLT and VARES would (1) use the funds to obtain the release of other money, which would be used to pay F.H. the balance of the $300,000 which she lost in the earlier investment; (2) make mortgage payments on loan taken out by F.H.; and (3) guarantee a return of the amount of the mortgage, and payment of 115% in interest within one year.

The Wire Communications

  7. On or about the dates stated, in the District of Hawaii and elsewhere, MICHAEL A. TAIN, RYAN A. HOLT and CARLENE P. VARES, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit, and cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals and sounds, that is, the following writings, with each such wire communication constituting a separate count of this superseding indictment:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | 6/25/98 | Facsimile dated 6/24/98 from Ryan A. Holt to Spectrum Mortgage of Honolulu, Hawaii concerning the mortgage of property owned by F.H. |
| 2 | 6/25/98 | Facsimile dated 6/24/96 from Ryan A. Holt to Spectrum Mortgage of Honolulu, Hawaii requesting a loan of $500,000 |
| 3 | 6/25/98 | Facsimile dated 6/25/98 from Ryan A. Holt to Spectrum Mortgage of Honolulu, Hawaii concerning the amount and funding of the loan |
| 4 | 7/2/98 | Wire transfer of $288,297.42 from Hawaii National Bank in Honolulu, Hawaii to Wells Fargo Bank, Beverly Hills, CA for payee Michael Tain |

All in violation of Title, 18, United States Code, Section 1343.

### COUNT 5

[Engaging in Monetary Transactions In Property Derived From Specified Unlawful Activity]

The Grand Jury further charges:

On or about July 3, 1998, in the District of Hawaii and elsewhere, MICHAEL A. TAIN did knowingly engage in, and attempt to engage in, a monetary transaction, affecting interstate commerce, in criminally derived property of a value greater than $10,000, in that said MICHAEL A. TAIN did cause the transfer of $25,000 from Wells Fargo Bank in Beverly Hills, California to First Hawaiian Bank in Honolulu, Hawaii, with such property having been derived from a specified unlawful activity, namely, the wire fraud scheme alleged in counts 1-4 of this superseding indictment.

In violation of Title 18, United States Code, Section 1957.

## COUNT 6

[Conspiracy to Commit Wire and Mail Fraud]

The Grand Jury further charges:

From a precise date unknown to the Grand Jury, but by April 2001, and continuing through on or about March 5, 2002, in the District of Hawaii and elsewhere, MICHAEL A. TAIN and RYAN A. HOLT did knowingly conspire with each other and others, known and unknown to the Grand Jury, to commit violations against the United States, namely, wire fraud and mail fraud, as follows:

1. knowingly to devise, and intending to devise, a scheme and artifice to defraud and to obtain money from other persons by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material facts, and for the purpose of executing said scheme and artifice, and attempting to do so, to transmit and cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals and sounds, violations of Title 18, United States Code, section 1343; and

2. knowingly to devise, and intending to devise, a scheme and artifice to defraud and to obtain money from other persons by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material facts, and for the purpose of executing said scheme and artifice, and attempting to do so, to cause certain items to be delivered

by United States mail, private and commercial interstate carriers, violations of Title 18, United States Code, section 1341.

## WAYS AND MEANS OF THE CONSPIRACY

MICHAEL A. TAIN and RYAN A. HOLT prepared a booklet which purported to describe the operations and resources of an entity called "Swiss International Banc, E.F." (hereinafter "SIB"). The booklet falsely represented that SIB was a private bank in Stockholm, Sweden with more than $120 million in assets and member deposits of more than $113 million. The booklet also falsely represented that SIB could provide individuals with sophisticated financial services, and that TAIN was SIB's president and chief executive officer.

TAIN and HOLT told individuals that SIB or a related company called "Swiss International Banshares, E.F." could provide financing or other investment opportunities. As TAIN and HOLT well knew, SIB and "Swiss International Banshares, E.F." did not have the capability to provide the financing or investments which were promised. To make their offerings appear legitimate, TAIN and HOLT mailed or otherwise provided the SIB booklet to individuals, falsely making it appear as if SIB was a viable entity with substantial financial resources.

TAIN and HOLT opened a bank account in the name of "Swiss International Business LLC" at National City Bank in Kalamazoo, Michigan. TAIN and HOLT instructed individuals choosing to do business with SIB to wire money into SIB's

6

account. When they received money in the SIB account, TAIN and HOLT did not provide the financial services which had been promised. TAIN and HOLT would instead wire money from the SIB account to other accounts which they controlled, thereby diverting the money to their own uses.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, MICHAEL A. TAIN and RYAN A. HOLT committed the following overt acts in Hawaii and elsewhere:

1. On or about April 18, 2001, HOLT faxed a letter of intent from Michigan to Hawaii.

2. On or about April 23, 2001, HOLT sent an e-mail from Michigan to Hawaii setting forth TAIN's questions about a potential investor.

3. On or about April 27, 2001, HOLT sent, by FedEx, an SIB brochure and membership kit from Michigan to Hawaii.

4. On or about May 14, 2001, HOLT faxed a document entitled "SIB Responses" from Michigan to Hawaii.

5. On or about May 16, 2001, HOLT sent an e-mail from Michigan to Hawaii concerning the deposit of an investor's funds.

6. On or about May 20, 2001, HOLT faxed two documents purporting to be letters of intent from Michigan to Hawaii.

7. On or about May 24, 2001, TAIN traveled from California to Hawaii.

8. On or about August 1, 2001, in Michigan, HOLT and TAIN took $100,000 of amounts provided by an individual whose

initials are "G.C." and bought a cashier's check to pay an unrelated obligation of TAIN's.

9. On or about August 3, 2001, HOLT and TAIN caused the transfer of $5,000 from SIB's account in Michigan to TAIN in California.

10. On or about August 8, 2001, HOLT and TAIN caused the transfer of $5,000 from SIB's account in Michigan to an individual whose initials are "A.Q." in the United Kingdom.

11. On or about September 11, 2001, TAIN and HOLT caused the transfer of $10,000 of amounts provided by an individual whose initials are "V.M." from SIB's account in Michigan to an account maintained by TAIN's daughter in California.

12. On or about September 11, 2001, TAIN and HOLT caused the transfer of $10,000 from SIB's account in Michigan to an account maintained by TAIN's wife in California.

13. On or about September 13, 2001, TAIN and HOLT caused the transfer of $5,000 from SIB's account in Michigan to attorneys in California to pay an obligation of TAIN's.

14. On or about September 13, 2001, TAIN and HOLT caused the transfer of $3,000 from SIB's account in Michigan to an individual whose initials are "A.Q." in the United Kingdom.

15. On or about September 17, 2001, TAIN and HOLT caused the transfer of $10,000 from SIB's account in Michigan to an account maintained by TAIN's daughter in California.

16. On or about September 18, 2001, TAIN and HOLT caused the transfer of $10,000 from SIB's account in Michigan to an account maintained by TAIN's daughter in California.

17. On or about September 18, 2001, TAIN and HOLT caused the transfer of $5,000 from SIB's account in Michigan to an account maintained by TAIN's wife in California.

18. On or about September 26, 2001, TAIN and HOLT caused the transfer of $2,500 from SIB's account in Michigan to an account maintained by TAIN's daughter in California.

19. In or about September, 2001 TAIN and HOLT caused an SIB booklet to be sent to an individual whose initials are "I.N." in Malaysia.

20. On or about October 4, 2001, TAIN and HOLT caused the transfer of $15,000 provided by "I.N." from SIB's account in Michigan to an account maintained by TAIN's wife in California.

21. On or about October 5, 2001, TAIN and HOLT caused the transfer of $15,000 from SIB's account in Michigan to an account maintained by TAIN in California.

22. On or about October 5, 2001, TAIN and HOLT caused the transfer of $10,000 from SIB's account in Michigan to an account maintained by TAIN's daughter in California.

23. On or about October 5, 2001, TAIN and HOLT caused the transfer of $2,860.00 from SIB's account to HOLT.

24. On or about October 10, 2001, TAIN and HOLT caused the transfer of $24,247.36 from SIB's account to Michigan to

Ocwen Financial Services, to make a mortgage payment on TAIN's residence.

All in violation of Title 18, United States Code, sections 371 and 3147.

## COUNTS 7-11

[Wire Fraud]

The Grand Jury further charges:

### The Scheme and Artifice to Defraud

1. Paragraphs 1 through 5 of the scheme to defraud alleged in counts 1 through 4 of this superseding indictment are realleged and incorporated by reference.

2. From a precise earlier date unknown to the grand jury, but by April 18, 2001, and continuing through on or about May 26, 2001, in the District of Hawaii and elsewhere, MICHAEL A. TAIN and RYAN A. HOLT knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money from a person they knew as "William Davies," by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material facts, well knowing at the time that such pretenses, representations, promises and omissions would be and were false when made. Such false statements, representations, promises and omissions included the following:

A. MICHAEL A. TAIN and RYAN A. HOLT promised to make an offshore investment of $2.345 million of William Davies' money. At the time, TAIN and HOLT knew that they had not repaid F.H. $345,000 for a loan which she had taken out in 1998 and

invested with them. TAIN and HOLT intended to divert $345,000 of the money invested by William Davies to repay F.H. for losses suffered during her earlier transaction with them, but falsely told Davies that the entire $2.345 million to be provided by him would be invested on his behalf.

    B.    MICHAEL A. TAIN and RYAN A. HOLT guaranteed William Davies a return of $100,000 per month on his investment, and that the principal amount would be guaranteed. TAIN and HOLT also made false representations that the money would always be on deposit with a well-known, credible financial institution, and could be withdrawn at any time on short notice.

### Wire Communications

    9.    On or about the dates stated, in the District of Hawaii and elsewhere, MICHAEL A. TAIN and RYAN A. HOLT, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit, and cause to be transmitted, in interstate commerce, by means of wire communications, certain signs, signals and sounds, that is, the following writings, with each such wire communication constituting a separate count of this superseding indictment:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 7 | 4/18/01 | Letter of Intent sent by facsimile from Ryan A. Holt in Michigan to Honolulu, Hawaii |
| 8 | 4/23/01 | Electronic mail from Ryan A. Holt in Michigan to Honolulu, Hawaii concerning Michael A. Tain's questions about the investor |
| 9 | 5/14/01 | Facsimile transmission from Ryan A. Holt in Michigan to Honolulu, Hawaii of document entitled "SIB Responses" |
| 10 | 5/16/01 | Electronic mail from Ryan A. Holt in Michigan to Honolulu, Hawaii concerning deposit of funds |
| 11 | 5/20/01 | Facsimile transmission from Ryan A. Holt in Michigan to Honolulu, Hawaii of two letters of intent for the investment of $2.35 million and $5 million, respectively |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 12

[Frauds and Swindles]

### The Scheme and Artifice to Defraud

1. Paragraphs 1-2 and their subparts of the scheme to defraud alleged in counts 7-11 of this superseding indictment are realleged and incorporated herein by reference.

### The Mailing

2. On or about April 27, 2001, in the District of Hawaii and elsewhere, MICHAEL A. TAIN and RYAN A. HOLT, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly cause to be delivered by a private and commercial interstate carrier, namely, FedEx, according to the directions thereon, a business card of

MICHAEL A. TAIN, president and chief executive office of "Swiss International Banc, E.F.," together with a brochure and membership kit for said Swiss International Banc.

All in violation of Title 18, United States Code, Section 1341.

## COUNT 13

[Forfeiture]

The Grand Jury further charges:

1. Count 6 of this superseding indictment is realleged and incorporated herein by reference.

2. Upon conviction of the offense alleged in count 6, MICHAEL A. TAIN and RYAN A. HOLT shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of said offense, including but not limited to the following:

> A sum of money equal to the sum of approximately $546,000.00, which represents proceeds of the conspiracy offense alleged in count 6.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

   (A) cannot be located upon the exercise of due diligence;

   (B) has been transferred or sold to, or deposited with, a third person;

   (C) has been placed beyond the jurisdiction of the court;

   (D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c).

DATED: Honolulu, Hawaii, April 10, 2002.

A TRUE BILL

/s/

---
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

LAWRENCE L. TONG
Assistant U.S. Attorney

<u>United States v. Michael A. Tain, et. al.</u>
"Superseding Indictment"
CR. No. 01-00228 HG